DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ROCHESTER SOUTHWELL,

Appellant,

v.

MARY SOUTHWELL,

Appellee.

No. 2D23-641

_____

March 22, 2024

Appeal from the Circuit Court for Hillsborough County; Alissa M. Ellison,
Judge.

Rochester Southwell, pro se.

Mary Southwell, pro se.

SILBERMAN, Judge.

Rochester Southwell (the Former Husband), pro se below and on
appeal, challenges a final judgment that dissolves his marriage to Mary
Southwell (the Former Wife). The parties have one minor child, and the
Former Husband argues that the trial court erred in not awarding
timesharing to him when he had failed to complete a statutorily required
parenting class. Because the Former Husband has not demonstrated
reversible error, we affirm the final judgment.

Section 61.21(4)(a), Florida Statutes (2021), mandates that each party to a dissolution of marriage proceeding that involves minor children "shall complete the Parent Education and Family Stabilization Course before the entry by the court of a final judgment." The statute requires a petitioner to "complete the course within 45 days after the filing of the petition." § 61.21(5). However, "[t]he court may excuse a party from attending the parenting course, or from completing the course within the required time, for good cause." § 61.21(4)(b). Each party must "file proof of compliance with this subsection with the court prior to the entry of the final judgment." § 61.21(5). With respect to the failure of a party to comply, the statute provides that "[t]he court may hold any parent who fails to attend a required parenting course in contempt, or that parent may be denied shared parental responsibility or time-sharing or otherwise sanctioned as the court deems appropriate." § 61.21(9).

It is undisputed that the Former Husband did not complete the required parenting course. The trial court awarded shared parental responsibility but denied timesharing to the Former Husband as section 61.21(9) allows. We note that in the final judgment the trial court also alerted the Former Husband that once he filed a certificate of completion for the required parenting course, he could "file[] an appropriate motion or pleading for a best interest hearing" in order to establish timesharing with his child. Thus, the Former Husband is not foreclosed from seeking timesharing in the trial court.

Affirmed.

BLACK and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

2